NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ESTRADA CABERAS, AKA Juan Pascual Esteban-Mateo,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 16-71267<br><br>Agency No. A094-942-216<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 17, 2019
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and BATAILLON,[**] District Judge.

Juan Estrada Caberas (Estrada) filed this petition for review after the Board

of Immigration Appeals (BIA) issued a mixed decision granting him withholding

of removal to Guatemala, denying his asylum claim as untimely, and remanding to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

the Immigration Judge (IJ) for further background checks. Because Estrada filed this petition for review before the IJ issued the final order in his case, it is premature. *See* 8 U.S.C. § 1252(b)(1); *Abdisalan v. Holder*, 774 F.3d 517, 520, 526 (9th Cir. 2014) (en banc). However, because the government suffered no prejudice from the premature filing, the petition ripened upon entry of the IJ's final order. *Diaz Martinez v. Barr*, 941 F.3d 907, 920 (9th Cir. 2019). Proceeding to the merits of the petition, we deny the petition for review.

1. The BIA applied the correct legal standard in evaluating Estrada's claim that his failure to apply for asylum within one year of arriving in the United States should be excused under the "extraordinary circumstances" exception. *See* 8 U.S.C. § 1158(a)(2)(B). To qualify for this exception, Estrada must demonstrate that his post-traumatic stress disorder (PTSD) was an "extraordinary circumstance[] *relating to* the delay in filing [his asylum] application." 8 U.S.C. § 1158(a)(2)(D) (emphasis added). Finding no extraordinary circumstances, the BIA relied upon the IJ's reasoning that Estrada's PTSD was not "related to" his late asylum filing. *See Ornelas-Chavez v. Gonzalez*, 458 F.3d 1052, 1058 (9th Cir. 2006) (stating that our review includes the IJ's decision where the BIA's "lack of analysis . . . suggests it gave significant weight" to the IJ's reasoning).

2. We lack jurisdiction to review the substance of Estrada's claim that his late asylum application should be excused due to extraordinary circumstances.

2

Although we have jurisdiction to review "mixed questions of law and fact"—including "the application of law to undisputed facts"—the facts in this case are not undisputed. *See Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013). Rather, the government explicitly contested in the proceedings below Estrada's claim that his PTSD related to his delay in filing his asylum application.

**Petition DENIED.**